Filed 4/18/25  P. v. Valdivia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>SALVADOR ALBARRAN VALDIVIA,<br><br>     Defendant and Appellant. | G063750<br><br>(Super. Ct. No. 96HF0365)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Salvador Albarran Valdivia appeals a postjudgment order denying his petition for resentencing under Penal Code section 1172.75.[1] Under that section, resentencing is generally required when the defendant is serving a sentence for a judgment that includes a prior prison term enhancement under former section 667.5, subdivision (b) (section 667.5(b)). Although Valdivia's judgment includes such an enhancement, the trial court determined he was ineligible for resentencing because its punishment was stricken at the time of sentencing. Valdivia contends that ruling was erroneous, and we agree. Following the Sixth District's recent opinion in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, and pending review of that issue by the California Supreme Court, we reverse the court's order and remand for resentencing.

FACTS

In 1997, Valdivia was convicted of multiple counts of forcible rape and other offenses. The trial court found true that he had served a prior prison term for purposes of former section 667.5(b) but struck the punishment for that enhancement. The court sentenced Valdivia to a total of 127 years to life in prison.

Effective January 1, 2020, the Legislature limited the applicability of section 667.5(b) to prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) It later afforded retroactive relief to those serving a sentence that includes a now-invalid prison prior enhancement. (Stats. 2022, ch. 58, § 12.) After the California Department of Corrections and Rehabilitation identified Valdivia as a person

_____

[1] All further statutory references are to the Penal Code.

serving a term for a judgment that includes a now-invalid enhancement, he petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75. But because Valdivia's punishment on his prison prior was stricken, the court determined he was ineligible for relief and denied his petition.

## DISCUSSION

Valdivia contends the trial court erred in denying his resentencing petition. We agree.

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess*, at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed before 2020 for a crime other than a sexually violent offense is legally invalid. (§ 1172.75, subd. (a).) It also provides an ameliorative remedy when the defendant's judgment includes such an enhancement. Indeed, the statute *requires* the trial court to recall the sentence and resentence the defendant in that situation. (§ 1172.75, subd. (c).) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed

3

enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The question we must decide is whether section 1172.75 requires resentencing when a defendant has sustained a prior prison term enhancement under former section 667.5(b) but the trial court struck its punishment at the time of sentencing. Pending direction from the California Supreme Court, we follow the reasoning of the majority opinion in *Espino, supra,* 104 Cal.App.5th 188, review granted, and conclude that it does.[2]

Reviewing the meaning of section 1172.75 de novo, *Espino, supra,* 104 Cal.App.5th 188, review granted, determined the statute "should be interpreted according to the ordinary meaning of the word 'impose' and therefore [should apply] whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Espino*, at p. 194.) While recognizing that a defendant suffers no immediate adverse consequences when the punishment for his prison priors has been stricken, *Espino* found it significant that the enhancement remains on the judgment in that situation and "may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Espino, supra,* 104 Cal.App.5th at p. 201.) *Espino* held that this potential for future adverse

---

[2] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now-invalid prison prior enhancement had been stricken, the California Supreme Court has granted review to resolve a conflict among the courts of appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See, e.g., *People v. Rhodius*, review granted Feb. 21, 2024, S283169.)

4

consequences is sufficient to trigger the protections afforded in section 1172.75. (*Espino*, at p. 201.)

This case presents the same circumstance referenced by the *Espino* court. Because Valdivia's prior prison term enhancement was imposed and only its punishment was stricken, the enhancement is still included in the judgment. For the reasons explained in *Espino*, we conclude Valdivia is therefore entitled to resentencing.[3]

## DISPOSITION

The postjudgment order denying Valdivia's petition is reversed and the matter is remanded for the trial court to recall his sentence and resentence him pursuant to the terms of section 1172.75.

SCOTT, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

GOODING, J.

---

[3] Although we agree with the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.